UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02888

**Galindez-Olaizola,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Cesar Gustavo Galindez-Olaizola is a native and citizen of Venezuela currently being detained by Respondents pending removal pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner entered the United States in October 2023, and was neither admitted nor paroled after inspection. On September 5, 2026, immigration officials detained Petitioner following a traffic stop. Since that time, Petitioner has been in federal custody at the T. Don Hutto Detention Center in Taylor, Texas.

On October 9, 2026, Petitioner filed a petition for writ of habeas corpus, requesting his immediate release or an individualized bond hearing. That same day, Petitioner filed an application for a TRO enjoining Respondents from transferring Petitioner outside the Western District. The Court denied the TRO, *see* ECF No. 4, and ordered Respondents to show cause why the writ should not be granted. Respondents

answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process and the text of the Immigration and Nationality Act. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7. "Illegal aliens are entitled to the process that Congress can give them, and nothing more." *Id.* at *40 (Oldham, J. concurring).

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a

constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Petitioner's statutory argument fares no better for the reasons set forth in Part I of this Court's decision in *Tapia v. Mullin*. 834 F. Supp. 3d 718, 722 (W.D. Tex. 2026) ("An alien who enters the United States without inspection and remains here unlawfully (even for years) is an alien 'seeking admission' under section 1225(b)(2)(A) and subject to its mandatory detention command.").

Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth above and in Parts I–II of this Court's decision in *Tapia v. Mullin*, the Court denies the petition.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 17, 2026.*

ANDREW DAVIS
United States District Judge